IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA)

| | |
|---|---|
| JOSE SANTOS MARTINEZ <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> Plaintiff, <br><br> v. <br><br> UMI SUSHI INC. <br> 20 Dunn Drive <br> Stafford, Virginia 22556 <br><br> SERVE: Zhen Lin <br> 10905 Howitzer Drive <br> Fredericksburg, Virginia 22408 <br><br> Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Jose Santos Martinez ("Plaintiff"), by and through undersigned counsel, hereby files suit against Umi Sushi, Inc. ("Defendant"), and herein seeks unpaid wages, statutory damages, costs, and attorney's fees against Defendant for violations of Federal Fair Labor Standards Act ("FLSA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Stafford, Virginia.

2. Defendant is a corporation formed under the laws of the Commonwealth of Virginia that operates as a Japanese and Pan-Asian style restaurant in Stafford, Virginia.

3. Plaintiff hereby affirms his consent to participate as plaintiffs in a case seeking unpaid wages and damages under the FLSA and for all statutory relief sought in this action.

4. At all times, Defendant qualified as Plaintiff's "employer" and Plaintiff was Defendant's "employee" with rights, protections, and privileges under the FLSA.

5. At all times, Defendant used and sold products (food and drinks) in the operation of its business that crossed state lines and was otherwise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendant had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff handled goods and work tools (specifically food, drinks, and related kitchen products) that traveled across state lines and were otherwise individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question).

9. Based on the foregoing, venue and personal jurisdiction is proper in the United States District Court for the Eastern District of Virginia, Alexandria Division.

## FACTS

10. Plaintiff was employed and performed continuous compensable employment duties for Defendant as a general kitchen employee at its Stafford, Virginia UMI Sushi Japanese Cuisine Restaurant for the period of about August 2016 through October 6, 2019.

11. During the period of about 2016 through about April 2019, Plaintiff typically worked six (6) days per week from about 10:30 AM - about 10:00 -11:00 PM, with a half-hour to an hour break each day except for Sunday when he was afforded no break.

12. During the period of about 2016 through about April 2019, Plaintiff regularly and customarily worked between sixty-four (64) to seventy (70) hours per week.

13. During the period of about May 2019 through October 6, 2019, Plaintiff typically worked five (5) days per week from about 10:30 AM - about 10:00 -11:00 PM, with half hour to an hour break each day except for Sunday when he was afforded no break.

14. During the period of about May 2019 through October 6, 2019, Plaintiff regularly and customarily worked between fifty-four (54) to sixty (60) hours per week.

15. At all times, Defendant had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to work all hours as herein alleged.

16. At all times, Defendant paid Plaintiff as a "day rate" employee, twice per month.

17. During the period of Plaintiff's employ, Defendant paid Plaintiff at a day rate of $100.00 per day, plus daily meals with an estimated cost to Defendant of about $50.00 per week.

18. At no time during Plaintiff's employment did Defendant pay Plaintiff at the time-and-one-half rate required by the FLSA for overtime worked over forty (40) hours per week.

19. At all times, Defendant purchased and posted a Department of Labor publication at the restaurant that set forth in explicit terms that the FLSA requires that non-

3

exempt employees like Plaintiff must be paid at the time-and-one-half rate for overtime worked over forty (40) hours per week.

20. At all times, Defendant had actual knowledge that the FLSA required that Plaintiff was owed overtime wages at the time-and-one-half rate for overtime Plaintiff worked for Defendant over forty (40) hours per week.

21. At all times, Defendant had actual knowledge that the rate and method by which it paid Plaintiff was in direct violation fo the FLSA time-and-one-half overtime compensation requirement.

22. Defendant now owes Plaintiff his "half time" overtime premium wages for all overtime Plaintiff worked for Defendant's benefit in excess of forty (40) hours per week.

23. Based on information and belief, Defendant now owes Plaintiff unpaid overtime wages for the statutory recovery period in the amount of about twenty thousand dollars ($20,000.00).

24. Pursuant to the statutory damages provision of the FLSA, Defendant now owes Plaintiff (i) unpaid overtime wages in the amount of about twenty thousand dollars ($20,0000.00), plus (ii) statutory liquidated damages in an equal amount ($20,000.00), plus payment of Plaintiff's attorney's fees and costs.

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act - Overtime)

25. Plaintiff re-alleges every allegation set forth above as if each were set forth herein.

4

26. As set forth above, Defendant failed to compensate Plaintiff at the FLSA required time-and-one-half rate for all overtime hours Plaintiff worked over forty (40) hours per week while in Defendant's employ.

27. Defendant's failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid overtime wages in the amount of Twenty Thousand Dollars ($20,000.00), or such other amount to be proven at trial, plus an equal amount in liquidated damages, reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(240) 839-9142 (fax)
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*