IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE SANTOS MARTINEZ,<br><br>          *Plaintiff*,<br>v.<br><br>UMI SUSHI, INC.,<br><br>          *Defendant*. | Case No. 1:19-cv-1383<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Fair Labor Standards Act ("FLSA") claim. Dkt. 13. For the reasons set forth below, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's claim **WITHOUT PREJUDICE**.

### I. BACKGROUND

On October 31, 2019, Plaintiff Jose Santos Martinez filed a complaint against Defendant Umi Sushi, Inc. ("Umi"), seeking "unpaid wages, statutory damages, costs, and attorney's fees" for Umi's violations of the FLSA. Dkt. 1, at 1. In his complaint, Martinez alleges that Umi failed to compensate him at the "time-and-one-half rate" for all overtime hours he worked over forty hours per week while employed by Umi. *Id.* at 5.

On January 7, 2020, Umi filed an answer, denying Martinez's allegations and asserting several affirmative defenses. *See* Dkt. 5.

Thereafter, on February 25, 2020, Martinez's counsel filed a consent motion to withdraw. Dkt. 10. In support of this motion, counsel attested that "[a]n irreconcilable rift ha[d] developed between undersigned counsel and Mr. Martinez such that it [was] no longer possible for

undersigned counsel to represent [him]." *Id.* at 1. Counsel also stated that he had advised "Martinez to obtain other counsel to represent him" or, alternatively, to prosecute the case pro se. *Id.* at 2. Despite counsel's delivery of this withdrawal notice to Martinez "electronically, by e-mail, and by first class mail to Mr. Martinez's last known address," Martinez did not respond. *Id.* at 2–3.

On March 4, 2020, Magistrate Judge Ivan Davis granted counsel's motion to withdraw. Dkt. 11, at 1. The Magistrate Judge ordered Martinez "to notify the Court no later than close of business on Wednesday, March 18, 2020, whether [he] ha[d] retained new counsel or whether [he] intend[ed] to proceed pro se." *Id.* The Magistrate Judge offered to grant Martinez an extension if he could "show good cause for requesting additional time." *Id.* However, the Magistrate Judge's Order made clear that "[i]f additional time to file [was] not granted, failure to file either notice by March 18, 2020, may result in dismissal of this case." *Id.*

Martinez did not comply with the Magistrate Judge's Order by March 18, 2020, nor did he request an extension. In fact, to this date, Martinez has not indicated whether he has retained new counsel, or whether he plans to proceed pro se.

On June 10, 2020, Umi filed a motion to dismiss Martinez's complaint. Dkt. 13. In this motion, Umi argues, among other things, that Martinez has (1) failed to state a claim for which relief can be granted, and (2) that he has failed to prosecute his case.

## II. LEGAL STANDARD

### 1. Failure to state a claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss

2

pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely,'" *id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), so long as the complaint states a claim that is "plausible" and not merely "conceivable," *Twombly*, 550 U.S. at 569.

2. **Failure to prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Pursuant to Rule 41(b), a "district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Herick*, 545 F.2d 393, 396 (4th Cir. 1976). In deciding whether to dismiss a case under Rule 41(b), a court should ascertain "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant [sic], (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the

3

existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). These factors "are not a rigid four-prong test. Rather, the propriety of a dismissal [under Rule 41(b)] depends on the particular circumstances of the case." *Ballard*, 882 F.2d at 95.

### III. DISCUSSION

The Court first notes that Martinez's complaint, while concise, appears to provide sufficient factual detail to state a claim to relief under the FLSA that is plausible on its face. *Twombly*, 550 U.S. at 550. Nonetheless, the Court will not formally rule on this issue because Martinez has failed to prosecute his action under Rule 41(b), and so the court will dismiss his claim without prejudice.

Considering the first three *Chandler Leasing* Rule 41(b) factors, the Court finds that the delays in this case are attributable solely to Martinez, who has refused to comply with the Magistrate Judge's Order, ignored his filing deadline, and abandoned all participation in the case. Umi has incurred prejudice, as the risk of liability hangs persistently over its head without any end in sight. It has also incurred costs associated with filing motions, monitoring the docket, and managing scheduling issues related to the pandemic. Finally, the motion to withdraw filed by Martinez's own previous counsel (Dkt. 10) illustrates that Martinez's inaction extends beyond his dealings with Umi and the Court; his conduct evidences a history of complete indifference to pursuing the claim he originally asserted.

As for the final *Chandler Leasing* factor, given the inability of the court or opposing counsel to locate or obtain a response from Martinez, Dkt. 13, at 3, there can be little doubt that lesser measures would not spur Martinez's participation in the judicial process he initiated. The Court has a duty to promote[] the administration of justice and dignity of the courts." *Zaczek v.*

4

*Fauquier Cty., Va.*, 764 F. Supp. 1071, 1079 (E.D. Va. 1991), *aff'd*, 16 F.3d 414 (4th Cir. 1993). Failure to dismiss this case would render Rule 41(b) toothless. *Matthews v. Rational Wiki Found.*, 2017 WL 1129974, at *4 (E.D. Va. Mar. 24, 2017), *aff'd sub nom. Matthews v. Rational Wiki Found.*, 696 F. App'x 640 (4th Cir. 2017).

At the same time, because the Court finds that Martinez's claim, on its face, does not obviously violate Rule 8, the Court finds the "less drastic" measure of dismissing the claim without prejudice appropriate. Should Martinez wish to seek redress for his alleged injuries before the statute of limitations runs, he may refile his complaint.

Because, in response to the Magistrate Judge's Order (Dkt. 11), Martinez has failed to indicate whether he is proceeding pro se, and because he has failed to prosecute the case or respond, the Court excuses Defendant's Roseboro Notice obligations under Local Rule 7(K). *See* Dkt. 13, at 3.

## IV. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Parties shall bear their own costs.

It is **SO ORDERED**.

October 20 2020  
Alexandria, Virginia

Liam O'Grady  
United States District Judge